IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | CIVIL ACTION NO.<br>**3:07CV0127 RL** |
| LOUIE'S CARRY OUT INC., d/b/a LOUIE'S CAFE | COMPLAINT<br><br>JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jeannie Fleming, who was adversely affected by such practices. The Commission alleges that Defendant terminated Jeannie Fleming because of her pregnancy and thereby discriminated against her because of her sex, in violation of Title VII.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) and of Title VII, 42 U.S.C. § 2000e-5 (f) (1) and (3).

4.   At all relevant times, Defendant, Louie's Carry Out, Inc., d/b/a Louie's Cafe (the "Employer"), has continuously been an Indiana corporation, doing business in the State of Indiana and the City of LaPorte, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the institution of this lawsuit, Jeannie Fleming filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least October 2006, Defendant Employer has engaged in unlawful employment practices at its LaPorte, Indiana facility, in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1). The unlawful practices include discharging Jeannie Fleming because of her pregnancy.

8.   The effect of the practice complained of in paragraph 7 above has been to deprive Jeannie Fleming of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9.  The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Jeannie Fleming.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from discharging employees because of their sex and pregnancy, and any other employment practice which discriminates on the basis of sex.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Jeannie Fleming by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or in the alternative an award of front pay to Jeannie Fleming.

D.  Order Defendant Employer to make whole Jeannie Fleming by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out of pocket expenses, job

search expenses, cost of insurance premiums, and medical expenses, plus prejudgment interest, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Jeannie Fleming by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to physical and emotional pain and suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Jeannie Fleming punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

*(signature)*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*(signature)*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*Jo Ann Farnsworth*
JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street,
Suite 1900
Indianapolis, In 46204
Phone: (317) 226-7949
Fax: (317) 226-5571
Email: joann.farnsworth@eeoc.gov